IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM C. SMITH,**

    **Plaintiff,**

**vs.**                                                                 **CASE NO. 4:22-CV-00277-MW-MAF**

**RICKY DIXON,**
**SEC'Y FLA. DEP'T OF CORR.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se,* initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff paid the $402 filing fee. Id. After receiving a deficient Complaint, the Court provided Plaintiff opportunity to amend. ECF Nos. 5, 6. Plaintiff filed an amended complaint, ECF No. 6, which the Court screened as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After initial review, the undersigned recommends that this case be dismissed without prejudice as malicious because Plaintiff continues to abuse the judicial process by

affirmatively misrepresenting his litigation history.[1]

## I. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior

---

[1] Plaintiff failed to fully disclose his litigation history after being given the opportunity to amend despite the Court's warning that failure to fully disclose his litigation history may result in dismissal.

Case No. 4:22-cv-00277-MW-MAF

to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was

not an abuse of discretion). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[2]

## II. Plaintiff's "Notice of Extraordinary Delay in Plaintiff's Receivership of Federal Court Mail," ECF No. 7.

Plaintiff's latest filing, ECF No. 7, is completely unrelated and has no bearing on the Court's decision in this Order. In ECF No. 7, Plaintiff alleges that prison officials interfered with his mail from the Department of the Treasury regarding his stimulus checks. The "notice" is nothing but a series of allegations regarding the aforementioned and does not seek any relief. Plaintiff has already been given leave to amend; and if Plaintiff intends to amend his Complaint, this is an inappropriate way to do so. Fed. R. Civ. P. 15 and N.D. Fla. Loc. R. 15.1.

## III. Plaintiff's Amended Complaint, ECF No. 6.

Plaintiff, currently housed at Hardee Correctional Institution, sues Florida Department of Corrections ("FDOC") Secretary, alleging that he is

---

[2] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

entitled to relief under 42 U.S.C. § 1983 because his First and Fourteenth Amendment rights have been violated. See ECF No. 6, p. 17-18. However, based on Plaintiff's reference to Sims v. Inch, 400 F. Supp. 3d 1272 (N.D. Fla. 2019), it is likely that Plaintiff intends to sue the FDOC Secretary for violating his statutorily granted rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. Specifically, Plaintiff seems to allege that FDOC's shaving policies (Florida Administrative Code 33-301.238(2); 33-601.800(10)(e)(2)) violate RLUIPA.

Plaintiff states that on or about December 9, 2010, he declared in writing to FDOC that he was an Orthodox Jew. ECF No. 6, p. 5. FDOC acknowledged Plaintiff's declaration and registered Plaintiff as a practicing Orthodox Jew. Id. Plaintiff then, at an unspecified date, sought permission to grow a beard of at least six-inches in length in accordance with his religious beliefs. Id. Plaintiff's request was denied pursuant to FDOC's statewide no beard policy. Id. On August 17, 2016, Plaintiff alleges that FDOC amended its beard policy so that all inmates could grow up to a half-inch beard. Id. Plaintiff then grew a half-inch beard in partial fulfillment of his sincere religious belief that he should grow at least a six-inch beard, while trimming his moustache in a manner consistent with the nomadic desert Jewish tribes. Id.

On August 23, 2019, Plaintiff read <u>Sims</u>. <u>Id</u>., p. 6. In <u>Sims</u>, the plaintiff alleged that his religion, Islam, required him to a grow a fist-length beard and that FDOC's beard policy violated RLUIPA. <u>Sims</u>, 400 F. Supp. 3d at 1274. Ultimately, the court agreed and found that FDOC's beard policy substantially burdened Plaintiff's religious exercise and that was not the least restrictive means of furthering a compelling government interest. <u>Id</u>. at 1275, 1280. This case is currently on appeal in the Eleventh Circuit.

Based on <u>Sims</u>, Plaintiff, once again, attempted to grow a six-inch-long beard but was forced to trim his beard to half-inch in accordance with FDOC policy. ECF No. 6, p. 6. Plaintiff requested in writing to grow a six-inch-long beard on April 8, 2022, April 26, 2022, and on May 12, 2022. His requests were denied. <u>Id.</u>, pp. 7-9. Notably, on June 8, 2022, Mr. T. Bowden denied Plaintiff's request in writing citing FDOC's half-inch beard policy. <u>Id.</u>, pp. 8-9.

In his lawsuit, Plaintiff demands permanent injunctive relief. <u>Id.</u>, p. 10. Specifically, he demands that FDOC be enjoined from further implementation of its longstanding, state-wide, half-inch beard policy. <u>Id</u>. Such a request is tantamount to eliminating prison policy regarding facial hair growth. Otherwise stated, the effect would permit inmates statewide to grow facial hair to unlimited lengths. Plaintiff, on the other hand, asked prison officials, specifically, to grow a six-inch beard in accordance with his religion.

In his prayer for relief Plaintiff does not ask to be permitted a six-inch beard and offers no compromise.

Normally, the Court would grant Plaintiff leave to amend his prayer for relief. However, in this case, the Court cannot overlook Plaintiff's affirmative misrepresentation of his litigation history.

## IV. Plaintiff's Affirmative Misrepresentations

### A. <u>Failure to identify all previous lawsuits related to the fact or manner of his incarceration.</u>

Section IV of the complaint form, titled "PREVIOUS LAWSUITS," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. <u>See</u> ECF No. 6, p. 13. Question C of Section IV asks, "Have you initiated other any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" <u>Id</u>. Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes," and then identified <u>Smith v. Sec'y, Fla. Dep't of Corr.</u>, Case No. 6:05cv983/JA/GJK, Complaint (M.D. Fla. July 1, 2005) and <u>Smith v. Inch</u>, Case No. 8:21cv644/TPB/AEP, Complaint (M.D. Fla. March 18, 2021). <u>Id.</u>, pp. 13-14. Plaintiff represented that he had not, at the time he filed the instant case, initiated any other action in federal court that related to the conditions of his confinement. At the end of the civil rights complaint form, Plaintiff signed his name after the following

statement on the form: "I DECLARE UNDER PENALTY OF PERJURY, THAT ALL OF THE INFORMATION STATED ABOVE AND INCLUDED ON OR WITH THIS FORM, INCLUDING MY LITIGATION HISTORY, IS TRUE AND CORRECT." Id., pp. 15-16.

Upon review of PACER, the Court takes judicial notice[3], that as of the date Plaintiff filed his complaint, July 7, 2022, he also filed Smith v. Dailessi, Case No. 3:05cv697/TJC/MMH, Complaint (M.D. Fla. July 25, 2005). Plaintiff did not identify or otherwise disclose Smith v. Dailessi, Case No. 3:05cv697/TJC/MMH, Complaint (M.D. Fla. July 25, 2005) in any part of his initial Complaint or his Amended Complaint, even though the case qualified as a federal court action that was responsive to Question C and should have been included in Plaintiff's answer to that question. See ECF Nos. 1, 7.

B. Failure to disclose prior federal court cases, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service.

Question A of Section IV asks, "Have you had any cases in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" ECF No. 6, p. 12. Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes," and then identified only that Smith v. Inch, Case No. 8:21cv644/TPB/AEP,

---

[3] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's litigation history in federal courts.

Complaint (M.D. Fla. March 18, 2021), was dismissed for failure to state a claim. Id. Plaintiff represented that he had not, at the time he filed the instant case, had any other action in federal court dismissed as "frivolous," as malicious, for "failure to state a claim," or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I DECLARE UNDER PENALTY OF PERJURY, THAT ALL OF THE INFORMATION STATED ABOVE AND INCLUDED ON OR WITH THIS FORM, INCLUDING MY LITIGATION HISTORY, IS TRUE AND CORRECT." Id., pp. 15-16.

Upon review of PACER, the Court takes judicial notice, that as of the date Plaintiff filed his complaint, July 7, 2022, he had an additional case dismissed for failure to state a claim (Smith v. Dailessi, Case No. 3:05cv697/TJC/MMH, Complaint (M.D. Fla. July 25, 2005)). Plaintiff also failed to reveal that Smith v. Inch, Case No. 8:21cv644/TPB/AEP, Complaint (M.D. Fla. March 18, 2021) was actually dismissed as frivolous not for failure to state a claim. In Inch, Plaintiff was also specifically warned about the consequences of abusing judicial process. See Smith v. Inch, Case No. 8:21cv644/TPB/AEP, ECF No. 21 (M.D. Fla. March 18, 2021). Plaintiff was required to include information regarding these prior cases in his answer to Question A of the complaint form.

## V. Plaintiff's Case Should Be Dismissed Without Prejudice as Malicious Due to Affirmative Misrepresentations Regarding His Prior Litigation History.

The court has authority to control and manage its caseload. *Plaintiff's pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action might result from any untruthful answers to the questions in Section IV of the complaint form. Yet, Plaintiff failed to disclose his litigation history as required. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal

without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## VI.  Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this 13th day of September, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).