## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIAM C. SMITH,**

       *Plaintiff*,

**v.**                                **Case No.: 4:22cv277-MW/MAF**

**RICKY D. DIXON,**
**Secretary, Florida Department**
**of Corrections,**

       *Defendant*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

       This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 8, and has also reviewed *de novo* Plaintiff's objections, ECF No. 10. The Magistrate Judge recommends dismissal without prejudice as a sanction for Plaintiff's failure to disclose a prior federal lawsuit and his failure to adequately disclose the basis for another prior lawsuit's dismissal. Plaintiff objects, asserting he did not intend to mislead the court when he omitted his 2005 federal lawsuit from his litigation history disclosure. Plaintiff urges this Court to reject the recommendation because the Florida Department of Correction's policy prohibiting inmates from keeping legal documents from "inactive legal proceedings" prevented him from disclosing the necessary information to the court.

If the Magistrate Judge recommended dismissal without prejudice as a sanction for only incorrectly noting the basis for dismissal of a disclosed lawsuit, this Court would not be inclined to adopt the recommendation. But here, Plaintiff also failed to disclose a prior lawsuit, and his excuse for that failure—that he was prevented from listing it because he no longer possessed his legal papers from that case—would, in many cases, obviate the requirement for inmates to disclose litigation history. Moreover, Plaintiff seemingly recognized his knowledge of the omitted litigation history when he included the following caveat in his amended complaint: "FDOC written policy mandates all inmates are to dispose of non-active legal cases. This fact prevents Plaintiff from possessing data needed below." ECF No. 6 at 13. This Court does not accept Plaintiff's argument in favor of willful ignorance that serves to overlook his abuse of the judicial process. *See Hood v. Tompkins*, 197 F. App'x 8181, 819 (11th Cir. 2006) (holding that district court did not abuse discretion in dismissing case without prejudice as sanction for inmate's failure to disclose litigation history). Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 8, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. The Clerk shall enter judgment stating, "Plaintiff's amended complaint is **DISMISSED without prejudice** under 28 U.S.C.§§ 1915A(b)(1) and 1915(e)(2)(B)(i)." Plaintiff's pending motions, ECF

Nos. 2, 3, & 9 are **DENIED as moot**. The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and close the file.

**SO ORDERED on September 29, 2022.**

**<u>s/ MARK E. WALKER</u>**
**Chief United States District Judge**